**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Darrell Dorian MIGGINS, a/k/a Daryl Miggins, Defendant–Appellant.**

**No. 00–4852.**

United States Court of Appeals,
Fourth Circuit.

Submitted Dec. 26, 2001.

Decided Jan. 22, 2002.

James T. Maloney, Richmond, Virginia, for Appellant. John L. Brownlee, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Christine Genaitis, Third–Year Law Student, Charlottesville, Virginia, for Appellee.

Before WIDENER, WILKINS, and KING, Circuit Judges.

## OPINION

PER CURIAM.

Darrell Dorian Miggins appeals his conviction following a jury trial for aiding and abetting possession with intent to distribute crack cocaine in violation of 18 U.S.C. § 2 (1994) and 21 U.S.C. § 841(a)(1) (1994). In the sole issue raised by Miggins in this appeal, he contends that the district court erred in denying his Fed. R.Crim.P. 29 motion for acquittal. Miggins contends that the evidence at trial concerning his travel with Charles Brad-ford Mitchell, who was arrested in possession of 36.5 grams of crack cocaine, was insufficient to support his conviction. This court reviews the denial of a motion for acquittal under a sufficiency of evidence standard. *See* Fed.R.Crim.P. 29; *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Romer,* 148 F.3d 359, 364 (4th Cir.1998). In light of that standard, we must conclude that the district court did not err in denying Miggins' motion. Miggins' argument amounts to an invitation to this court to reweigh the evidence at trial tending to show that Miggins aided and abetted Mitchell's illicit trip from New York City to Charlottesville, Virginia. *See Nye & Nissen v. United States,* 336 U.S. 613, 619, 69 S.Ct. 766, 93 L.Ed. 919 (1949); *United States v. Williams,* 341 U.S. 58, 64, 71 S.Ct. 595, 95 L.Ed. 747 (1951). This court uniformly declines to accept such invitations. *See Glasser,* 315 U.S. at 80; *United States v. Saunders,* 886 F.2d 56, 60 (4th Cir.1989).

Accordingly, Miggins' conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*